IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-207-SLP |
| ) | |
| MARCOS EDWIN RAMOS VILLASENOR, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion for Reduction of Sentence for Mitigating Role Drug Offenders Pursuant to § 3582(c)(2) [Doc. No. 85]. Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 833[1] to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 86] and opposes the requested relief. For the reasons that follow, Defendant's Motion to Reduce Sentence is DISMISSED.

**I.   Background**

On August 1, 2023, Defendant pleaded guilty to drug conspiracy in violation of 21 U.S.C. § 846. *See* [Doc. Nos. 50, 54, 81]. On January 17, 2024, the United States Probation Office filed its Final Presentence Investigation Report (PSR). [Doc. No. 64]. The PSR calculated a base offense level of 34, plus a two-level enhancement based on

---

[1] Defendant does not specifically reference Amendment 833. [Doc. No. 85]. However, he refers to "the Mitigating Role" amendments recently passed on November 1, 2025," which the Government construed to be a reference to Amendment 833, effective November 1, 2025, which, inter alia, amended U.S.S.G. §§ 2D1.1(a)(5) and (e)(2). [Doc. No. 86] at 3. Upon review, the Court agrees and similarly construes Defendant's request to refer to Amendment 833.

Defendant maintain a premises for the purpose of distributing a controlled substance. After applying the three-level reduction for acceptance of responsibility and the two-level reduction for being a Zero-Point Offender, the PSR calculated a total offense level of 31. Combining Defendant's total offense level of 31 and criminal history category of I, the PSR calculated a guideline imprisonment range of 108-135 months. [Doc. No. 64] at ¶ 62. On April 4, 2024, the Court adopted the PSR with a change to apply 18 U.S.C. §§ 3553(f)(1)-(5) which resulted in a total offense level of 29 and a guidelines range of 87-108 months. [Doc. No. 82]. The Court sentenced Defendant to 72 months' imprisonment. [Doc. Nos. 81, 82].

On February 6, 2026, Defendant filed the pending Motion. He seeks a reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 833.

**II.    Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "'who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)); *see also United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) ("Section 3582(c)(2) authorizes a district court to reduce an otherwise final sentence under a Guidelines amendment if the reduction is consistent with U.S.S.G § 1B1.10, the

Sentencing Commission's relevant policy statement, and after considering the factors in 18 U.S.C. § 3553(a)."). Only the amendments listed in U.S.S.G. § 1B1.10(d) have been made retroactive. *See United States v. Ramirez*, 698 F. App'x 943, 945 (10th Cir. 2017) ("Amendment 794 is not among the covered amendments listed in § 1B1.10(d) and thus has not been made listed in § 1B1.10(d) and thus has not been made retroactive by the Sentencing Commission."); *see also* U.S.S.G § 1B1.10(a)(2) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [n]one of the amendments listed in subsection (d) is applicable to the defendant[.]"). "Thus, 'eligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range . . . .'" *U.S. v. Nunez*, No. 2:25-CR-00394-MIS, 2026 WL 36101, at *1 (D.N.M. Jan. 6, 2026) (quoting U.S.S.G. § 1B1.10 Appl. Note 1).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon,* 560 U.S. at 826. "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, the inquiry ends at the first step as Defendant seeks a sentence reduction pursuant to Amendment 833 to the U.S.S.G. which took effect on November 1, 2025. As noted by the Government, Amendment 833 is not listed in U.S.S.G. § 1B1.10(d).

3

Therefore, Amendment 833 does not apply retroactively, and this Court cannot reduce Defendant's sentence on the basis of Amendment 833. *See* U.S.S.G. § 1B1.10(d); *see also, e.g., U.S. v. Williams*, No. CR-22-66-RAW, 2026 WL 208345 (E.D. Okla. Jan. 27, 2026) (finding Amendment 833 does not apply retroactively and declining to reduce sentence); *U.S. v. Velasquez Hernandez*, No. 22 CR. 258-04 (GBD), 2026 WL 473251 (S.D.N.Y. Feb. 19, 2026) (same); *United States v. Nunez*, Case No. 2:25-cr-00394-MIS, 2026 WL 36101 (D.N.M. Jan. 6, 2026) (same); *U.S. v. Ramirez-Roman*, No. CR-21-01384-001-TUC-JCH (EJM), 2025 WL 3718464 (D. Ariz. Dec. 23, 2025) (same); *United States v. Leones*, Case No. 8:20-cr-138-CEH-AAS, 2025 WL 3537608 (M.D. Fla. Dec. 10, 2025) (same).

IT IS THEREFORE ORDERED that Defendant's Motion for Reduction of Sentence [Doc. No. 527] is DISMISSED.

IT IS SO ORDERED this 26th day of February, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE